## Hammond
### v.
## Pegasus International Corp.
*[Cite as 8 AOA 214]*

*Case No. 90-CA-9*
*Knox County, (5th)*
*Decided December 10, 1990*

*Kim M. Rose, 118 East Gambier Street, Mount Vernon, Ohio 43050, for Plaintiffs-Appellants.*

*Robert L. Rauzi, 121 East High Street, Mount Vernon, Ohio 43050, for Defendants-Appellees.*

PUTMAN, P.J.

This is an appeal from the judgment of the Court of Common Pleas of Knox County, Ohio, that granted defendant-appellee Benjamin F. Roush's (Roush) motion to dismiss based upon the trial court's lack of personal jurisdiction over Roush.

Plaintiffs-appellants Felton L. Hammond (Hammond) and Colonial City Aviation, Inc. (Colonial City Aviation) raise the following sole assignment of error on appeal:

"THE COURT ERRED AS A MATTER OF LAW IN FINDING JURISDICTION IS NOT AVAILABLE TO AN OHIO COURT WHERE ONE NEGOTIATED A CONTRACT IN OHIO, FORWARDED FINANCIAL PAPERS TO OHIO, AND LATER SIGNED A CONTRACT IN WEST VIRGINIA DESIGNATING HIMSELF AS 'GUARANTOR.'"

For the reasons stated below, we sustain this assignment of error and reverse the judgment of the trial court.

Hammond is president of Colonial City Aviation. He owned a Piper Navajo Aircraft. Defendant Joseph Titlow of West Virginia and a principal in the defendant-corporation Pegasus International contacted Hammond concerning the lease and purchase of said aircraft. Roush, also a resident of West Virginia and a pilot, flew Titlow to Mount Vernon, Ohio, so that Titlow could discuss with Hammond the potential lease and purchase of Hammond's aircraft. Roush's purpose in coming to Ohio was to fly Titlow to Mount Vernon and advise Titlow as to the suitability of Hammond's aircraft. According to Roush, he only advised Titlow and took no part in the negotiations between Titlow and Hammond.

Upon returning to West Virginia, Titlow asked Roush to guarantee the lease agreement. Roush agreed and signed the lease agreement as guarantor.

Hammond and Colonial City Aviation sued Pegasus International, Titlow, and Roush for breach of contract when they failed to make timely payments pursuant to the lease agreement. Hammond and Colonial City Aviation moved for summary judgment. The trial court granted summary judgment in their favor and against Titlow and Pegasus International, leaving Roush as the only party defendant. Roush moved to dismiss the complaint against him based on Civ. R. 12(B)(2), lack of jurisdiction over the person, which the trial court granted and is now the subject of this appeal.

Hammond and Colonial City Aviation argue that the trial court erred as a matter of law in finding that it did not have personal jurisdiction over Roush. The trial court found that Hammond and Colonial City Aviation failed to sufficiently plead facts alleging Roush's "minimum contacts" with Ohio. The trial court also found that:

"[T]he status of guarantor is one that can only be set forth if based upon writing properly stated and there is a stipulation by the parties that the signature of this Defendant on the contract as 'guarantor' was made in the State of West Virginia and not in the State of Ohio. Because of the requirement of writing and since that took place in the State of West Virginia, this Court is of the opinion that the Court lacks the ability to have jurisdiction over this Defendant upon the allegations contained therein."

The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the power of a state court to render a valid personal judgment against a nonresident defendant. *World-Wide Volkswagen v. Woodson* (1980), 444 U.S. 286, 291. A "state court may exercise personal jurisdiction over a nonresident defendant only so long as there exits 'minimum contacts' between the defendant and the foreign state." *Id.* The defendants' contacts with the foreign state must be such that maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *Id.* at 292. Minimum contacts "must have a basis in 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the foreign State, thus invoking the benefits and protections of its laws.' ... 'Jurisdiction is proper...where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the foreign state.'" *Asahi Metal Industry Co. v. Superior Court* (1987), 480 U.S. 102, 109 (citations omitted).

Based on our review of the record, we

conclude that Roush's actions satisfy the "minimum contacts" requirement. By his own affidavit, Roush states that in the hope of securing employment with Titlow, Roush flew Titlow to Ohio so that Titlow could inspect the aircraft that Titlow was considering leasing from Hammond. Roush further admits that his purpose in coming to Ohio was to advise Titlow as to the suitability of the aircraft and assisting Titlow in his search for an aircraft. Roush may not have been directly involved in negotiating the specifics of the lease agreement, but he certainly took part in the inspection of the aircraft that was the subject of the lease agreement. Roush purposely availed himself of the privilege of conducting business in Ohio. This transaction of business by Roush in Ohio was sufficient to establish minimum contacts and it is irrelevant that the actual signing of the lease agreement took place in West Virginia.

Accordingly, Hammond and Colonial City Aviation's assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is reversed, and this cause is remanded to that court for further proceedings according to law.

SMART, J., and GWIN, J., concur.